United States District Court
for the
Southern District of Florida

| Dara Clarke, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-25217-Civ-Scola |
| | ) |
| Charles Phelan, and others, | ) |
| Defendants. | ) |

### **Order on Motion for Summary Judgment**

This matter is before the Court upon the motion for summary judgment filed by the Defendants Charles Phelan, Gary Cohen, Daniel Lebensohn, BH3 Realty, LLC, Last Lot Corp., NI Holdings, LLC, Nomur Holdings, LLC, Privé Developers, LLC, Two Islands Development Corp., and the Successor Trustee of Trust No. 75-LT-21 (collectively, the "Developer Defendants") (ECF No. 126). After careful consideration of the motion, all opposing and supporting submissions, and the applicable case law, the Court **grants** the motion (**ECF No. 126**).

1. **Introduction**

At the heart of this case lies a bitter dispute over property rights among individual homeowners, including the Plaintiff Dara Clarke and her husband David Clarke, the City of Aventura ("City"), and the Developer Defendants, which, for purposes of this case, ultimately resulted in the arrests of the Plaintiff and her husband. The Plaintiff and her husband, as well as a number of other homeowners, have clashed with the Developer Defendants and the City over the construction of a sidewalk along a portion of land that the homeowners contend belongs to them, and on which the Developer Defendants maintain they had a right to build pursuant to an easement, and as a requirement by the City related to the development of high rise condominiums near their homes. The underlying dispute over property rights is not at issue before this Court. However, as a result of the dispute, and the resulting arrests, the Plaintiff filed suit asserting claims pursuant to 42 U.S.C. section 1983 against the police officer Defendants for excessive force (Count 1), for which the Court denied summary judgment and against the City (Counts 2 and 3), for which the Court granted summary judgment in favor of the City; and against the Developer Defendants for malicious prosecution (Count 4), negligent reporting to the police (Count 5), and defamation (Count 6 and Count 7 against Lebensohn).

The Developer Defendants seek summary judgment on all the Plaintiff's claims against them.

**2. Relevant Facts**

The facts regarding the Clarkes' arrests and the Plaintiff's interactions with the police officer Defendants are set forth in detail in the Court's order on the City and Officers' motion for summary judgment (ECF No. 186). For purposes of the present motion, there are several additional relevant facts, which are undisputed. When Clarke returned to her home on the evening of February 26, 2015 at approximately 5:30 p.m., she encountered the construction crew still working on installing the sidewalk, after the hours during which construction work is permitted in the development. (ECF No. 125 at ¶ 62 ("Defs.' SOMF"); ECF No. 148 at ¶ 184 ("Pl.'s SOMF").) She called the police, and Officer Terry Scott responded, and spoke to both her and Phelan. (Defs.' SOMF at ¶¶ 62-63; Pl.'s SOMF at ¶ 184.) Phelan informed Officer Scott that the work remaining included brushing down the concrete and finishing clean up, and Officer Scott told Clarke that the workers would soon finish and asked her to please allow them to do so. (Defs.' SOMF at ¶¶ 64-65.) The workers finished at around 6:30 p.m. (*Id.* at ¶ 66.) Phelan remained at the worksite, and Clarke left in her Porsche sports utility vehicle ("SUV") to pick up her husband. (*Id.* at ¶¶ 67-68.) While he was waiting, Phelan called Cohen, and while they were talking, Clarke and her husband, who was driving the SUV, returned to the property and proceeded to drive over the newly-poured concrete. (*Id.* at ¶¶ 67-68, 70, 72; Pl.'s SOMF at ¶¶ 186-187.) Although the parties do not dispute that David Clarke drove over the offending structure, they disagree as to whether the Plaintiff remained inside or exited the SUV while he did so. (Defs.' SOMF at ¶¶ 73, 83-84; Pl.'s SOMF at ¶ 187.) At the time, Phelan was still on the phone with Cohen, who based upon Phelan's exclamations that Clarke was running over the sidewalk, hung up and called 9-1-1. (Defs.' SOMF at ¶ 74.) Cohen assumed, based upon the Plaintiff's conduct earlier in the day, that she was the one driving over the sidewalks, which is what he told the emergency dispatcher. (*Id.* at ¶ 75.) However, Phelan, who Cohen consulted during the call with the dispatcher, specified that it was David Clarke who ran over the sidewalk. (*Id.* at ¶ 78.) Cohen, who coincidentally also lives in the Island Estates development, gave his address for the dispatcher to send the police. (*Id.* at ¶ 76.)

Before the Officers arrived on scene, Clarke and her husband drove to the development marina for Clarke to retrieve their other vehicle, a BMW, which was parked there. (*Id.* at ¶ 87; Pl.'s SOMF at ¶ 189.) Phelan followed them there. (Defs.' SOMF at ¶ 88; Pl.'s SOMF at ¶ 189.) Clarke exited the SUV and got into the BMW, whereupon David Clarke drove away in the SUV, and

Clarke, who had observed Phelan return to her property, also returned to the property and called the police on the way. (Defs.' SOMF at ¶¶ 87-89; Pl.'s SOMF at ¶¶ 189-90.)

The parties dispute whether Phelan asked the Officers to arrest Clarke when they responded; however, it is undisputed that Phelan did not tell the Officers that Clarke herself had driven over the sidewalk, and ultimately, that Sergeant Scott decided to arrest Clarke for disturbing the peace and resisting arrest. (Defs.' SOMF at ¶¶ 97, 109.) Phelan provided an approximate cost of $3,000.00 to repair the curb installation. (*Id.* at ¶ 98.) The criminal mischief charge was added later, following further police investigation determining that Clarke had driven over the concrete. (*Id.* at ¶ 111.) Shortly after Clarke's arrest, Defendant Lebensohn shared information regarding her arrest, including her mugshot, with the Defendant Privé's marketing and public relations firm, Boardroom Communications, Inc. ("Boardroom"), to publicize. (*Id.* at ¶¶ 124-27.) Boardroom's efforts resulted in the publication of three articles on Clarke's arrest, which were also referenced on Aventura Bytes blog posts. (*Id.* at ¶¶ 128-33.) There were also several follow-up articles and subsequent media coverage. (*Id.* at ¶¶ 135-42.)

Following the Clarkes' release from jail, their cases fell under review of the Felony Screening Unit of the State Attorney's Office. (*Id.* at ¶ 143.) It is undisputed that the assigned assistant state attorney ("ASA") did not rely on Phelan or Cohen's estimates of the amount of damages, and that after conducting his review, the ASA determined that the true issue at the heart of the situation was to whom the property properly belongs. (*Id.* at ¶¶ 147, 150.) As a result, the ASA decided not to pursue formal charges against Clarke or her husband because the ultimate property rights had not been determined. (*Id.* at ¶ 152.)

### 3. Legal Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260.

All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth*

*Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The nonmovant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *Id.* at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Id.*

### 4. Analysis

The Developer Defendants have moved for summary judgment on all claims asserted against them, arguing (1) that she cannot satisfy four of six essential elements of the malicious prosecution claim; (2) that Clarke's negligent reporting claim fails because Phelan and Cohen made good faith reports to the police and neither engaged in conduct sufficient to justify punitive damages; (3) that Clarke's defamation claim fails because she cannot link any of the Developer Defendants to an allegedly defamatory statement, and the statements made by Lebensohn are not actionable as defamation. The Court considers each argument in turn.

### A. The Developer Defendants are entitled to summary judgment upon Clarke's claim for malicious prosecution

To prevail in a malicious prosecution action, a plaintiff must establish that the defendant commenced or continued a criminal prosecution against the plaintiff, that there was no probable cause to justify the criminal prosecution, that the criminal prosecution was ultimately terminated in favor of the plaintiff, and that the plaintiff was damaged by the criminal prosecution. *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994). The Developer Defendants argue that Clarke cannot show an absence of probable cause for her arrest because the officers had probable cause to arrest her for disturbing the peace, resisting arrest, and felony criminal mischief. Clarke responds that there was no probable cause to arrest her for criminal mischief because the elements of the offense were not present when she was arrested. By her own

admission, Clarke appears to attempt to interlineate a challenge to her arrest, though she has not asserted a claim for false arrest against the Officers. Indeed, in her Response, Clarke asserts that her claim for malicious prosecution "is based upon her arrest for criminal mischief." (Resp., ECF No. 149 at 10.) However, Clarke does not dispute that she was initially arrested at the scene for disorderly conduct and resisting arrest without violence (ECF No. 96-4 at 69-70, or that the charge of criminal mischief was added later (Pl.'s SOMF at ¶ 109). Therefore, the argument that her arrest lacked probable cause is not well-taken.

Moreover, Clarke does not dispute that in conducting his case screening, the ASA did not rely on Phelan or Cohen's estimates of the amount of damages, and that he ultimately determined that no criminal charges be filed against Clarke, as the true issue at the heart of the case involved a civil ownership dispute in legal proceedings. Clarke also does not dispute that in the ASA's view, the Clarkes drove over the sidewalk, and there is no evidence that that conclusion came from the Developer Defendants. Therefore, there is no evidence to show that the Developer Defendants commenced or continued a criminal prosecution against the plaintiff, or that a criminal prosecution even existed, as no charges were in fact filed. Accordingly, Clarke cannot demonstrate that there is a genuine issue of material fact with respect to her claim for malicious prosecution, and the Court need not consider the remaining arguments with respect to the claim. Thus, the Developer Defendants are entitled to summary judgment on Count 4.

### B. The Developer Defendants are entitled to summary judgment on Clarke's claim for negligent reporting

The Developer Defendants argue that they are entitled to summary judgment upon Clarke's claim for negligent reporting because there is no evidence that the Developer Defendants made false reports to the police or that they acted in a manner equivalent to punitive conduct. Upon review, the Court agrees.

"[A] cause of action is available to one injured as a result of a false report of criminal behavior to law enforcement when the report is made by a party which has knowledge or by the exercise of reasonable diligence should have knowledge that the accusations are false or acts in a gross or flagrant manner in reckless disregard of the rights of the party exposed, or acts with indifference or wantonness or recklessness equivalent to punitive conduct." *Valladares v. Bank of Am. Corp.*, 197 So. 3d 1, 2 (Fla. 2016). Moreover, there is a "qualified privilege for mistaken, but good faith reports of suspected criminal activity . . . rooted in a public policy concern." *Id.* at 11. However, "[t]he Supreme Court of Florida recognized in *Valladares* that reckless misrepresentations to law

enforcement may overcome qualified privilege." *Lozada v. Hobby Lobby Stores, Inc.*, 702 F. App'x 904, 913 (11th Cir. 2017).

Here, the record reflects that after talking to Phelan, Cohen called the emergency dispatcher requesting the police believing, based upon Clarke's conduct earlier in the day, that Clarke was driving over the newly-poured cement. However, in the recording of the 9-1-1 call, Phelan corrects Cohen's belief, clarifying that it is David Clarke who is driving over the cement. (ECF No. 131.) It is undisputed that David Clarke drove over the cement, that the Plaintiff was present when he did so, and that the Developer Defendants did not tell the officers that Clarke herself had driven over the cement. Although Clarke argues in response that the Developer Defendants made additional false reports by representing that the curb was approved, and that they had a right to build based upon the permit, the Court does not find that these are the types of representations properly encompassed in a claim for negligent reporting, principally because the reports do not entail criminal behavior—especially when ownership of the subject property and the right to build on it is as hotly contested as it is in this case. Therefore, the Developer Defendants are entitled to summary judgment upon Count 5.

### C. The Developer Defendants and Lebensohn are entitled to summary judgment upon the defamation claims

The Developer Defendants argue that they are entitled to summary judgment upon Clarke's defamation claims because Cohen and Phelan made good faith reports to the police and she cannot link any of the Developer Defendants to any allegedly defamatory statements. In response, Clarke argues that the dissemination of facts regarding her improper arrest was made in bad faith.

To recover for either libel or slander, a plaintiff must establish that: 1) the defendant published a false statement; 2) about the plaintiff; 3) to a third party; and 4) the party suffered damages as a result of the publication. *See Valencia v. Citibank Int'l*, 728 So. 2d 330 (Fla. 3d DCA 1999). "The first element of the claim, a false statement of fact, is the *sine qua non* for recovery in a defamation action." *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 (S.D. Fla. 2006) (Seltzer, M.J.) (internal quotations and citation omitted).

Once again, the Court notes that Clarke conspicuously has not challenged the propriety of her arrest by claiming false arrest against the officers. And Clarke's defamation claims suffer a similar infirmity to her claim for negligent reporting—she truly takes issue with the propriety of her arrest, and the Developer Defendants sharing that information with their public relations firm, but she fails to show that the Developer Defendants reported false statements, as alleged in the Amended Complaint (ECF No. 14 at ¶ 108). Clarke further alleged that the Aventura Bytes blog was used to defame her by

falsely and maliciously claiming that she was guilty of a felony; however, there is no evidence in the record to support that allegation.[1] Indeed, Clarke was arrested, and the publication of information that is publicly accessible in a police report cannot sustain a claim of defamation, especially where the police report does not contain false statements. *See Gregory v. City of Tarpon Springs*, Case No. 8:16-cv-237-T-33AEP, 2016 WL 7157554, at *9 (M.D. Fla. Dec. 8, 2016).

Lebensohn argues that his statements about the South Island homeowners behaving like "spoiled brats"[2] and about the Clarkes engaging in a "fraternity prank" are not actionable as statements of pure opinion. "Pure opinion occurs when the defendant makes a comment or opinion based on facts which are set forth in the article which are otherwise known or available to the reader or listener as a member of the public." *Fortson*, 434 F. Supp. 2d at 1378 (quoting *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1982). Furthermore "[i]t is for the Court to decide, as a matter of law, whether the complained of words are actionable expressions of fact or non-actionable expressions of pure opinion . . . ." *Id.* at 1379. As the Court has previously stated, context is key to the determination of whether a statement constitutes pure opinion. *Horsley v. Rivera*, 292 F.3d 695, 702 (11th Cir. 2002). The record evidence reflects that Lebensohn made the "fraternity prank" comment regarding the trespass action filed by the homeowners including the Clarkes, in the midst of the bitter underlying ownership dispute over the land upon which the sidewalks were built. (*See* ECF No. 124-9.) Although not expressed in particularly sensitive or diplomatic fashion, Lebensohn's comment reflects his point of view with respect to the trespass claim. Therefore, the Court finds that the statement is not defamatory as a matter of law because it is statement of pure opinion. As a result, the Developer Defendants are entitled to summary judgment upon Clarke's defamation claims.

**D. Conclusion**

For the reasons set forth above, the Court **grants** the Developer Defendants' motion for summary judgment (**ECF No. 126**).

---

[1] Clarke urges the Court to find that the Developer Defendants' actions nevertheless raise an issue of fact with respect to defamation, arguing that because their motives in disseminating the information about her were improper, they may still constitute defamation; however, her Amended Complaint alleges that the Developer Defendants made false statements, which is not supported by the record evidence. Therefore, the improper motive case law cited by Clarke is inapplicable in this case.

[2] Clarke has agreed to withdraw the portion of her defamation claim based upon the "spoiled brats" comment. (*See* Resp., ECF No. 149 at 25 n.8.)

**Done and ordered** at Miami, Florida on February 22, 2018.

_____
Robert N. Scola, Jr.
United States District Judge